FILED
VANESSA L. ARMSTRONG, CLERK

OCT 23 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA              PLAINTIFF

v.              CRIMINAL NO. 3:17-CR-27-DJH

**RICHARD F. WHITE A/K/A RAMBO**              DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, **RICHARD F. WHITE A/K/A RAMBO**, and his attorney, Hon. Patrick Bouldin, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with the following: **Count 1**, violation of Title 21, U.S.C. § 841, relating to on or about June 7, 2016, possession with intent to distribute a mixture and substance containing a detectable amount of heroin; **Count 2**, violation of Title 21, U.S.C. § 841, relating to on or about August 1, 2016, possession with intent to distribute a mixture and substance containing a detectable amount of heroin; **Count 3**, violation of Title 21, U.S.C. § 841, relating to on or about August 8, 2016, possession with intent to distribute a mixture and substance containing a detectable amount of heroin; **Count 4**, violation of Title 21, U.S.C. § 841, relating to on or about August 12, 2016, possession with intent to distribute a mixture and substance containing a detectable amount of heroin; **Count 5**, violation of Title 21, U.S.C. § 841, relating to on or about September 7, 2016, possession with intent to distribute a mixture and substance containing a detectable amount of

heroin; **Count 6**, violation of Title 21, U.S.C. § 841, relating to on or about September 9, 2016, possession and concealment of a stolen firearm that had been transported in interstate commerce.

2.   Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.   Defendant will enter a voluntary plea of guilty to all of the Counts of the indictment. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

Count 1: On or about June 7, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Richard F. White, a/k/a Rambo, sold heroin to T.W.

Count 2: On August 1, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Richard F. White, a/k/a Rambo, sold heroin to the FBI. The FBI, using a confidential informant (CI), arranged and completed a purchase of heroin from White. The transaction was audio and video recorded.

Count 3: On August 8, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Richard F. White, a/k/a Rambo, sold heroin to the FBI. The FBI, using a CI, arranged and completed a purchase of heroin from White. The transaction was audio and video recorded.

Count 4: On August 12, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Richard F. White, a/k/a Rambo, sold heroin to the FBI. The FBI, using a CI, arranged and completed a purchase of heroin from White. The transaction was audio and video recorded.

Count 5: On September 7, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, Richard F. White, a/k/a Rambo, sold heroin to the FBI. The FBI, using a CI, arranged and completed a purchase of heroin from White. The transaction was audio and video recorded.

Count 6: On September 9, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, the FBI executed a search warrant at the defendant, Richard F. White's residence. Upon entry of the residence, the FBI confronted White as he was exiting the bathroom. A search of that bathroom revealed a Glock GMBH, .40 caliber semi-automatic handgun, model-27, serial number UKX249 hidden inside the tank of the toilet. Law enforcement confirmed the recovered firearm as stolen and to have previously traveled in interstate commerce reach the Commonwealth of Kentucky. In addition to other things recovered during the search, the FBI recovered digital scales and recorded buy money used to purchase heroin from the defendant on September 7, 2016 (Count 5).

4. Defendant understands that the charges to which he will plead guilty carries the following penalties: **Counts 1-5**, a maximum of 20 year's imprisonment, a fine up to $1,000,000, and no less than 3 year's supervised release up to a term of Life (each Count); **Count 6**, a maximum up to 10 year's imprisonment, a fine up to $250,000, and no more than 3 year's supervised release; and **Total**, a maximum of 130 year's imprisonment, a fine up to $5,250,000, and no less than 3 year's supervised release up to a term of Life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.    **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.    **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    Defendant understands that the United States will inform the court that <u>no restitution</u> is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

9.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

10.    At the time of sentencing, the United States will

4

-recommend a sentence of imprisonment within the applicable Guideline Range as determined by the Court;

-recommend a reduction of 2 to 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea[1];

-recommend a term of not less than 7 years supervised release; and

-agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine;

11. Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

    A. The Applicable Offense Level may be determined as follows:

Firearm Base Offense Level
    Firearm
    U.S.S.G. §2K2.1(7)               12
    Stolen
    U.S.S.G. §2K2.1(b)(4)          +2
    **Total**                                      14
Drug Base Offense Level
    Heroin (less than 10g)
    U.S.S.G. §2D1.1 (a)(14)       12
    Dangerous Weapon
    U.S.S.G. §2D1. (b)(2)         +2
    **Total**                                      14
Grouping
    U.S.S.G. §3D1.2(d)            14
Acceptance of Responsibility
    U.S.S.G. §3E1.1(a)             -2
    **Total**                                      12

---

[1] The United States shall comply with U.S.S.G. §3E1.1(a) and (b). If the Court determines the applicable guideline to be less than a level 16, then the United States shall recommend a 2 level reduction, otherwise the recommendation shall be 3 levels.

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

18. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

19. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____        10/23/2017
Mac Shannon                                    Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____        10/23/17
Richard F. White                               Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        10/23/17
Patrick Bouldin                                Date
Counsel for Defendant